**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THOLA J. W.,**

                              **Plaintiff,**                    **5:19-cv-1068**
                                                               **(GLS)**

              **v.**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                              **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Law Offices of Kenneth Hiller, PLLC          JUSTIN M. GOLDSTEIN, ESQ.
6000 North Bailey Avenue                     KENNETH R HILLER, ESQ.
Suite 1A
Amherst, NY 14226

**FOR THE DEFENDANT:**
HON. ANTOINETTE T. BACON                     FERGUS J. KAISER
Acting United States Attorney                Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Ellen E. Sovern
Regional Chief Counsel
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Thola J. W. challenges the Commissioner of Social Security's denial of Social Security Disability Insurance (DIB), seeking judicial review under 42 U.S.C. § 405(g).  (Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Thola's arguments, the Commissioner's decision is affirmed.

### II. Background

On September 29, 2016, Thola applied for DIB benefits under the Social Security Act ("the Act"), alleging a disability since August 23, 2016. (Tr.[1] at 56, 78, 158-64.)  After her application was denied, (*id.* at 84-95), she requested a hearing before an Administrative Law Judge (ALJ), (*id.* at 96-97), which was held on August 21, 2018, (*id.* at 1-39).  On September 20, 2018, the ALJ issued an unfavorable decision denying the requested benefits, (*id.* at 51-67), which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review, (*id.* at 45-50).

Thola commenced the present action on August 26, 2019 by filing her

---

[1] Page references preceded by "Tr." are to the administrative transcript.  (Dkt. No. 8.)

complaint, wherein she seeks review of the Commissioner's determination. (Compl.)  Thereafter, the Commissioner filed a certified copy of the administrative transcript.  (Dkt. No. 8.)  Each party filed a brief seeking judgment on the pleadings.  (Dkt. Nos. 10-11.)

## III.  **Contentions**

Thola contends that: neither the residual functional capacity (RFC) finding nor the determination that Thola's statements were inconsistent with the record are supported by substantial evidence.[2]  (Dkt. No. 10 at 1.)  The Commissioner counters that the appropriate legal standards were used, and the ALJ's findings are supported by substantial evidence.  (Dkt. No. 11 at 5-11.)

## IV.  **Facts**

The court adopts the parties undisputed factual recitations.  (Dkt. No. 10 at 2-7; Dkt. No. 11 at 1.)

## V.  **Standard of Review**

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here.  For a

---

[2] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990) (internal quotation marks and citations omitted).

full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-*3 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

### A.  RFC Determination

Both of Thola's contentions relate to the ALJ's determination that Thola has the RFC to perform the full range of light work.  (*See generally* Dkt. No. 10.)  A claimant's RFC "is the most [she] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a)(1).  In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain.  *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record.  *See* 42 U.S.C. § 405(g).  If it is, that determination is conclusive and must be affirmed upon judicial review.  *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

First, Thola generally argues that the RFC determination was not supported by substantial evidence.  (Dkt. No. 10 at 9-19.)  More

4

specifically, Thola contends that (1) the medical opinion relied upon does not support the ALJ's findings, (2) the ALJ substituted her lay opinion for the opinion of medical experts, (3) the ALJ should have requested additional medical evidence before rendering her decision, and (4) the ALJ did not account for Thola's need for periodic breaks and position changes. (*Id.*)

Despite Thola's arguments to the contrary, the ALJ considered the entire medical record, including various treatment and other medical records, Thola's subjective complaints, and the medical opinion of consultative examiner Dr. Kalyani Ganesh, to which the ALJ afforded significant weight, and she found that Thola has the RFC to perform the full range of light work.  (Tr. at 59-60.)

The RFC determination was based on substantial evidence in the record.  First, the ALJ afforded significant weight to Dr. Ganesh's opinion that Thola has "no gross limitations in sitting, standing, or walking" and "moderate limitations in lifting, carrying, pushing, and pulling."  (*Id.* at 60.) Contrary to Thola's assertions, (Dkt. No. 10 at 10-12), the ALJ did not improperly rely on and take Dr. Ganesh's allegedly "vague" report at face value; rather, she consulted the entire medical record to determine the

consistency of Dr. Ganesh's statements with such record.  (Tr. at 60.)

Specifically, the ALJ found that the opinion that Thola has no limitations in sitting, standing, or walking was supported by x-rays of Thola's right knee showing no significant abnormality and of her lumbar spine showing just mild degenerative spondylosis, as well as by her ability to walk on her toes, rise from a chair, and get on and off the exam table, her full range of hips, knees, and ankles, and by the fact that her gait and stance were normal and her "strength was 5/5 in the upper and lower extremities."  (*Id.* at 60, 322-28.)  Further, the ALJ found that the opinion that Thola has just moderate limitations in lifting, carrying, pushing, and pulling was supported by the aspects of the medical record that showed that, aside from mild limitations in spinal motion and mild degenerative changes shown in her lumbar x-rays, Thola "had full range of the cervical spine, shoulders, elbows, forearms, and wrists, and dexterity was intact." (*Id.*)

As argued by the Commissioner, (Dkt. No. 11 at 5-10), Thola's assertion that the aforementioned limitations that Dr. Ganesh observed are inconsistent with a finding that she could perform the full range of light work is belied by the Social Security Rulings and the case law in this District.

*See* SSR 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983); *see also*

*Raymonda C. v. Comm'r of Soc. Sec.*, No. 3:19-CV-0178, 2020 WL 42814,

at *4 (N.D.N.Y. Jan. 3, 2020) ("[C]ourts have consistently found that a

'moderate' limitation in [standing, walking, lifting, and carrying] is essentially

equivalent to an ability to perform light work." (collecting cases)); *Amanda

L. v. Saul*, No. 8:18-CV-01221, 2019 WL 5865388, at *8 n.3 (N.D.N.Y. Nov.

8, 2019) ("[M]oderate limitations to repetitive lifting, bending, reaching,

pushing, pulling, or carrying are not inconsistent with an RFC for a full

range of light work." (citation omitted)).

Next, as noted above, although the ALJ did not expressly account for

Thola's alleged need for constant breaks and position changes, the ALJ did

explain that she took into account all medical evidence, including Thola's

subjective complaints that she needed such breaks and position changes,

and found them inconsistent with Dr. Ganesh's medical opinion and other

medical records.  (Tr. at 59-60.)  Contrary to Thola's assertion, considering

all of the evidence and determining which sources of medical evidence

should be afforded the most weight, as well as assessing the credibility of

witness testimony and other evidence, is the ALJ's duty and does not

constitute improper reliance on lay opinion.  *See* 20 C.F.R.

§ 404.1527(d)(2) ("Although [the Commissioner] consider[s] opinions from medical sources on issues such as . . . [the claimant's] residual functional capacity . . . the final responsibility for deciding these issues is reserved to the Commissioner."); *Flynn v. Comm'r Soc. Sec. Admin.*, 729 F. App'x 119, 121 (2d Cir. 2018) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve." (alteration and citation omitted)); *Mauro King v. Berryhill*, 251 F. Supp. 3d 438, 446 (N.D.N.Y. 2017) ("[T]he Commissioner, not this Court, is the factfinder who resolves [g]enuine conflicts in the medical evidence." (internal quotation marks and citation omitted)).

Finally, Thola contends that the ALJ did not adhere to her duty to fully develop the administrative record because the evidence supporting the ALJ's RFC determination was insufficient, and, thus, she should have requested an assessment from a treating physician.  (Dkt. No. 10 at 16-18.) In response, the Commissioner argues that the ALJ did not fail to adhere to her duty to develop the record because there were no gaps in the medical record, it was Thola's burden to prove she was disabled under the Act, and because the Commissioner, on numerous occasions, asked Thola and her counsel if they needed to add more evidence to the record.  (Dkt. No. 11 at 9-10.)

"It is a well-settled rule in the Second Circuit that the Commissioner must affirmatively develop the administrative record due to the essentially non-adversarial nature of a benefits proceeding." *Vereen v. Colvin*, No. 13-CV-144, 2015 WL 5770094, at *7 (W.D.N.Y. Sept. 30, 2015) (citations omitted).  However, the ALJ's duty to develop the record is not without limit.  *See Guile v. Barnhart*, No. 5:07-cv-259, 2010 WL 2516586, at *3 (N.D.N.Y. June 14, 2010).  Indeed, the ALJ need not "seek additional detail from a given provider if the record contains notes from that provider 'adequate for the [ALJ] to determine [the claimant's] disability.'" *Merritt v. Colvin*, 142 F. Supp. 3d 266, 270 (N.D.N.Y. 2015) (quoting *Whipple v. Astrue*, 479 F. App'x 367, 370 (2d Cir. 2012)); *see Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) (noting that where there are no "obvious gaps" in the record, the ALJ is not required to seek additional information). Moreover, in certain cases, the ALJ may "satisfy the duty to develop the record by relying on the claimant's counsel to obtain additional medical documentation." *Wozniak v. Comm'r of Soc. Sec.*, No. 1:14-CV-00198, 2015 WL 4038568, at *9 (W.D.N.Y. June 30, 2015) (citation omitted).

After careful consideration, the court is satisfied that the ALJ adhered to her duty to develop the record.  As argued by the Commissioner, (Dkt.

No. 11 at 9-10), there are no "obvious gaps" in the medical record to trigger a need for her to seek additional medical opinions.  Thola asserts that there is evidence in the record that she needs constant breaks and rest periods, and cannot sit, stand, or walk for a full workday, but the only "evidence" she notes in her brief is her own statements made to the ALJ and various doctors.  (Dkt. No. 10 at 18-19.)  That is to say, there are no medical opinions or findings noting such a need for constant breaks and rest periods.  On the contrary, though, Dr. Ganesh found that she has *no* limitations in such activities.  (Tr. at 325.)

In addition, the record, the entirety of which the ALJ consulted in making her decision, contains numerous treatment notes from various medical professionals.  (*Id.* at 297-321, 334-438.)  It is unclear why a separate RFC assessment from one or more of these professionals was necessary for the ALJ to make a determination, given this wealth of information and Dr. Ganesh's separate assessment.  As was her duty, the ALJ weighed Thola's subjective complaints against the medical record, including Dr. Ganesh's medical opinion, in which she found no limitations with respect to sitting, standing, or walking, and found them to be outweighed by such record.  (*Id.* at 59-60.)

Moreover, Thola and her counsel were asked on multiple occasions if there was a need to supplement the record with additional medical evidence, and Thola did not provide any additional evidence, nor did she request that the ALJ seek out such evidence.  (*Id.* at 5, 125, 213.) Specifically, the ALJ asked Thola's counsel at the administrative hearing if there was anything further that needed to be submitted and counsel said no.  (*Id.* at 5.)  And, in two letters from the Commissioner to Thola, dated April 23, 2018 and June 6, 2018, the Commissioner advised Thola that the record had been compiled and that it was her responsibility to provide additional medical evidence, if necessary, showing that she was disabled. (*Id.* at 125, 213.)  As the Commissioner argues, Thola repeatedly "failed to submit any additional [evidence] which she now claims [is] essential to her disability determination."  (Dkt. No. 11 at 10.)

Accordingly, the ALJ did not err in failing to request additional records from other medical professionals.  *See Wozniak*, 2015 WL 4038568, at *9 ("No 'gap' needs to be filled where the ALJ was in possession of 'comprehensive medical notes' from the claimant's treating physician covering the relevant time period." (quoting *Whipple*, 479 F. App'x at 370)); *Blair v. Astrue*, No. 11-cv-2753, 2013 WL 782619, at *8 (E.D.N.Y. Mar. 1,

2013) ("[W]here the record contains Plaintiff's comprehensive medical records and consulting medical experts provided opinions consistent with the ALJ's findings, the ALJ [is] not required to seek additional materials from Plaintiff's treating physicians." (citations omitted)); *Rivera v. Comm'r of Soc. Sec.*, 728 F. Supp. 2d 297, 330 (S.D.N.Y. 2010) ("Courts do not necessarily require ALJs to develop the record by obtaining additional evidence themselves, but often permit them to seek it through the claimant or his counsel. . . . Accordingly, the ALJ's request that plaintiff's attorney obtain the recent treatment records from Lincoln Hospital fulfilled his obligations with regard to developing the record." (citations omitted)).

In sum, the ALJ's RFC determination is supported by substantial evidence, and all of Thola's arguments to the contrary are unpersuasive.

Thola also argues that the ALJ's finding that Thola's subjective complaints are inconsistent with the evidence in the record is not supported by substantial evidence, because (1) the ALJ did not accurately summarize Thola's daily activities, (2) even if the ALJ did accurately summarize such activities, she did not show that she could do these activities for eight hours without constant breaks, and (3) the ALJ failed to cite to any specific inconsistencies between Thola's complaints and the medical record. (Dkt.

No. 10 at 19-24.)

Once the ALJ determines that the claimant suffers from a "medically determinable impairment[ ] that could reasonably be expected to produce the [symptoms] alleged," she "must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's [subjective] contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (internal quotation marks and citations omitted). In performing this analysis, the ALJ "must consider the entire case record and give specific reasons for the weight given to the [claimant's] statements." SSR 96–7p, 1996 WL 374186, at *4 (July 2, 1996).

Specifically, in addition to the objective medical evidence, the ALJ must consider the following factors: "1) daily activities; 2) location, duration, frequency and intensity of any symptoms; 3) precipitating and aggravating factors; 4) type, dosage, effectiveness and side effects of any medications taken; 5) other treatment received; and 6) other measures taken to relieve symptoms." *F.S. v. Astrue*, No. 1:10-CV-444, 2012 WL 514944, at *19 (N.D.N.Y. Feb. 15, 2012) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).

Here, Thola testified at the administrative hearing that she is unable to sit or stand for prolonged periods of time due to her back pain, among other non-severe impairments.  (Tr. at 11.)  Specifically, she stated that she cannot walk or stand for longer than ten or fifteen minutes, and that she needs assistance when carrying groceries and doing household chores.  (*Id.* at 11-17.)

The ALJ expressly took these subjective complaints into account and found that her "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Thola's subjective statements "concerning the intensity, persistence and limiting effects of these symptoms" were inconsistent with the evidence in the record.  (*Id.* at 59.)  The ALJ considered testimony and evidence showing that Thola's range of motion was full in her lower extremities, her gait and stance were normal, she could walk on her toes with no distress, and "her ability to rise from a chair and get on and off the exam table were unimpeded."  (*Id.* at 59, 322-28.)  Importantly, the ALJ specifically considered Thola's "reported limitations in prolonged sitting, standing, and lifting," but found those statements to be inconsistent with testimony and other evidence showing that she can carry large items, such as a "40-pack of water," by

14

herself, "she can go grocery shopping for an hour, drive independently, and [she can] do a full range of chores including cooking, dishes, laundry, vacuuming, feeding a pet, and tak[ing] care of her [family]."  (*Id.* at 59-60.)

Ultimately, the ALJ explicitly acknowledged consideration of 20 C.F.R. § 404.1529 when making her credibility determination, (*id.* at 59)*,* and it is evident from her thorough discussion that the determination was legally sound.  *See Britt v. Astrue*, 486 F. App'x 161, 164 (2d Cir. 2012) (finding explicit mention of 20 C.F.R. § 404.1529 and the applicable Social Security Rulings as evidence that the ALJ used the proper legal standard in assessing the claimant's credibility); *see also Judelsohn v. Astrue*, No. 11-CV-388S, 2012 WL 2401587, at *6 (W.D.N.Y. June 25, 2012) ("Failure to expressly consider every factor set forth in the regulations is not grounds for remand where the reasons for the ALJ's determination of credibility are sufficiently specific to conclude that [she] considered the entire evidentiary record." (internal quotation marks, alterations, and citation omitted)); *Oliphant v. Astrue*, No. 11-CV-2431, 2012 WL 3541820, at *22 (E.D.N.Y. Aug. 14, 2012) (stating that the 20 C.F.R. § 404.1529(c)(3) factors are included as "examples of alternative evidence that may be useful [to the credibility inquiry], and not as a rigid, seven-step prerequisite to the ALJ's

finding" (citation omitted)).

Moreover, the ALJ's conclusion that Thola's subjective complaints were not credible or were inconsistent with the record, to the extent that they suggested impairment greater than the ability to perform less than the full range of light work contemplated in the ALJ's RFC determination, (Tr. at 59-60), is supported by the testimony and other evidence mentioned above, which constitutes substantial evidence.  Notably, despite Dr. Ganesh's opinion that Thola has no limitations in sitting, standing, or walking, (*id.* at 325), the ALJ found that she could only perform light work, (*id.* at 59-60), which is the second least strenuous of the five exertional levels, *see* 20 C.F.R. § 416.967.  Accordingly, the ALJ did not err in evaluating Thola's subjective complaints.

**B.**   **Remaining Findings and Conclusions**

After careful review of the record, the court affirms the remainder of the ALJ's decision, as it is supported by substantial evidence and free from legal error.

**VII.  Conclusion**

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED**; and

16

it is further

ORDERED that Thola's complaint (Dkt. No. 1) is **DISMISSED**; and it

is further

ORDERED that the Clerk close this case and provide a copy of this

Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 16, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

17